■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RAYMOND MOORE, Respondent. [617 NYS2d 350] —Appeal by the People from an order of the Supreme Court, Richmond County (Felig, J.), dated January 18, 1994, which granted that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the order is affirmed.

In his omnibus motion, the defendant sought to suppress evidence obtained in his apartment as well as statements made by him at the police station. After numerous adjournments of the hearing, the court granted the defendant's *Huntley* application and suppressed statements made by him to Detective Michael DiMino at the police station due to the People's failure to produce the detective as a witness. A hearing was then held with respect to that branch of the defendant's motion which was to suppress the evidence obtained at his apartment, and by order dated July 16, 1993, the court granted suppression of this evidence on the ground that the warrantless entry into the apartment by the police was unlawful. In addition, the court reiterated its previous decision granting the defendant's *Huntley* application. The People appealed from this order but then withdrew their appeal when the court, upon reargument, recalled that portion of the order dated July 16, 1993, as dealt with the *Huntley* application and ordered a hearing, but allowed the suppression of physical evidence to stand. Following the hearing at which Detective DiMino testified, the court, by order dated January 18, 1994, suppressed the defendant's statements on the ground that they were the product of the prior illegal entry into his apartment.

We note that the People have appealed solely from the order dated January 18, 1994; therefore, the propriety of the hearing court's determination, by order dated July 16, 1993, to suppress physical evidence obtained in the defendant's apartment is not before us for review. We further note that the People do not argue on appeal that the court's ruling on the defendant's *Huntley* application was unsupported by the evidence. Rather, the People contend that the trial court, by holding a "bifurcated" suppression hearing, deprived them of a full and fair opportunity to establish the admissibility of the

evidence. We find this contention to be devoid of merit. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.